UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEL-TINA, LTD, *et al.*, | : | |
| | | Case No. 2:20-cv-3682 |
| Plaintiffs, | : | JUDGE SARAH D. MORRISON |
| | | MAGISTRATE JUDGE DEAVERS |
| v. | : | |
| ASCENT RESOURCES – UTICA, LLC, | : | |
| Defendant. | : | |

**OPINION & ORDER**

In this oil and gas case, the parties dispute whether the underlying identical leases allow Defendant Ascent Resources – Utica, LLC to deduct post-production costs from royalties owed to Plaintiffs MEL-TINA, Ltd., Michael Derosa, Melanie and Gregory Eaton and Christine and Jeffrey Curtis. (ECF No. 2.) Defendant moves for an order compelling full arbitration and dismissing the case with prejudice. (ECF No. 5.) After due consideration, the Court **GRANTS** Defendant's Motion to Compel Arbitration (ECF No. 5) and **DISMISSES** the case **WITHOUT PREJUDICE**.

**I. BACKGROUND**

Each Plaintiff, as lessor, executed an identical oil and gas lease ("Lease") with Defendant, as lessee, on September 15, 2015. (ECF No. 2 ¶ ¶ 1-4). The Lease contains an arbitration provision that states:

> ARBITRATION: Any questions concerning this Lease or performance there under shall be ascertained and determined by three disinterested arbitrators, one thereof to be appointed by Lessor, one by the Lessee, and third by the two so appointed as aforesaid and the award of such collective group shall be final and conclusive. Arbitration proceedings hereunder shall be conducted at the county seat or the county where the Lease is filed, or in the county where the action occurred which caused the arbitration, or such other place as the parties to such arbitration shall all mutually agreed [sic] upon. Each party will pay its own arbitrator and share costs of the third arbitrator equally.

*Id.* Ex. 1 ¶ 37.

1

Plaintiffs initiated this action on June 17, 2020 in the Belmont County Court of Common Pleas. Plaintiffs asserted claims for accounting, breach of contract, unjust enrichment and fraud while seeking injunctive and declaratory relief. (ECF No. 2.) Defendant timely removed the matter and subsequently filed the Motion to Compel Arbitration. (ECF No. 5.)

## II. STANDARD OF REVIEW

Arbitration provisions are governed by the FAA. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under the FAA, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle a controversy thereafter . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA manifests "a liberal federal policy favoring arbitration agreements." *Id.*; *see also* 9 U.S.C. §§ 1–16. The Act creates "a presumption in favor of arbitration," *Marchetto v. DeKalb Genetics Corp.*, 711 F. Supp. 936, 938 (N.D. Ill. 1989) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 625 (1985) and *Moses*, 460 U.S. at 24–25 (1983)), and requires that courts "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). "Unless 'the parties clearly and unmistakably provide otherwise, it is the court's duty to interpret the agreement and to determine whether the parties intended to arbitrate grievances concerning a particular matter.'" *Lavender v. Titanium Metals Corp.*, 2019 U.S. Dist. LEXIS 194841, *3 (S.D. Ohio November 8, 2019) (Sargus, J.) (quoting *Granite Rock Co. v. Int'l Brh. of Teamsters*, 561 U.S. 287, 301 (2010) (citation omitted)).

## III. ANALYSIS

Defendant moves to compel arbitration and for full dismissal with prejudice. "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Plaintiffs dispute that dismissal with prejudice is the proper course. Instead, they maintain that staying the case pending completion of arbitration is required under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. (ECF No. 6.) Defendant replies that it seeks a stay in the alternative. (ECF No. 8.)

2

The parties agree that all claims are subject to the broadly-worded arbitration provision.[1] They also agree that: (1) they agreed to arbitrate; (2) the arbitration provision is valid; (3) the claims are arbitrable; and (4) the disputes fall within the substantive scope of the provision. *See Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (listing four tasks court has when deciding motion to compel arbitration and to stay proceedings). The only issue left for consideration is whether to stay the case while arbitration completes or to dismiss the matter.

Plaintiffs request a stay pursuant to § 3 of the FAA. (ECF No. 6.) That section expressly provides that, where a valid arbitration agreement requires a dispute to be submitted to binding arbitration, the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Defendant does not argue that Plaintiff is in default. So, it seems that § 3 could require the Court to stay the entire matter while arbitration completes. However, the Court also has the ability to dismiss a case when all issues raised in the complaint are arbitrable. *See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (concluding "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable") (citation omitted); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *Gassner v. Jay Wolfe Toyota*, No. 4:06-CV-1335, 2007 U.S. Dist. LEXIS 35453, 2007 WL 1452240, at *4 (E.D. Mo. May 15, 2007) ("Where all issues in a case must be submitted to arbitration, it serves no purpose to retain jurisdiction and stay an action."). Based on the foregoing caselaw, the Court concludes that dismissal of the Complaint is the appropriate remedy because all of Plaintiffs' claims are arbitrable. *Nealey v. Heritage Oaks Mgmt. Enters. USA, LLC*, No. 2:18-cv-1759, 2020 U.S. Dist. LEXIS 85778, at *12-13 (S.D. Ohio May 15, 2020) (Morrison, J.) (dismissing even when plaintiff requested a

---

[1] Plaintiffs state that "some" claims fall under the arbitration provision, but they do not delineate the arbitration provision's applicability to each specific count. (ECF No. 6 at 1.) It is not the Court's role to make Plaintiffs' arguments for them.

stay under the FAA and injunctive relief was sought). The Court can discern no purpose for retaining jurisdiction and staying the action.

Dismissal will be without prejudice because "[m]ost district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." *Morgan v. United Healthcare Servs.*, No. 1:12-cv-676-HJW, 2013 U.S. Dist. LEXIS 61723, at *14-15 (S.D. Ohio Apr. 30, 2013) (citation omitted).

### IV. CONCLUSION

Defendant's Motion to Compel Arbitration (ECF No. 5) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

4